UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID G. HOTCHKISS,

        Plaintiff,

v.

CSK AUTO, INC., et al.,

        Defendants.

CASE NO. C11-1646 MJP

ORDER GRANTING MOTION TO TRANSFER

This matter comes before the Court on Defendants' motion to transfer. (Dkt. No. 14.) Having reviewed the motion, Plaintiff's opposition (Dkt. No. 19), the reply (Dkt. No. 20), and all related papers, the Court GRANTS the motion.

**Background**

During 2010, Plaintiff worked at O'Reilly Auto Parts store ("O'Reilly's") in Spokane.[1] (Dkt. No. 1 at 2-4.) During his employment at O'Reilly's, Plaintiff's co-workers, including Defendant Realing, allegedly harassed Plaintiff about his sexual orientation and the perception

---

[1] For the purposes of this motion only the Court accepts the allegations in Plaintiff's complaint as true.

ORDER GRANTING MOTION TO TRANSFER- 1

that he has the human immunodeficiency virus ("HIV"). (Id. at 4-9.) Based on this treatment and a lack of corrective measures taken by store managers Defendants Huffman and Lewis, Plaintiff quit his job. (Id.) After quitting his job, Plaintiff asked Defendant Lewis to transfer him to another O'Reilly's store in Seattle. (Dkt. No. 1 at 9.) Defendant Lewis told Plaintiff his prospects were dim. (Id.) Plaintiff placed four to five phone calls to O'Reilly's employees David Savell, Bob Knight, Jennifer Young, Nick Feaster, and Pete Brush in efforts to get a job at the O'Reilly's in Seattle. (Dkt. No. 18 at 2-3.) Plaintiff did not get the job. (Dkt. No. 1 at 12-13.)

Plaintiff filed suit in this Court alleging violations of the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Washington Law Against Discrimination. (Dkt. No. 1 at 3.) Plaintiff's two main claims, amongst others, are for discrimination and failure to re-hire Plaintiff in retaliation for reporting the harassment. (Id. at 13-25.) Defendants have moved to transfer venue to the Eastern District of Washington.

**Analysis**

A. Standard

The Court has broad discretion to transfer cases in the interest of justice. 28 U.S.C. § 1404(a). Section 1404(a) governs transfer in Title VII cases. Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005). Under section 1404(a), The Court must make two findings before granting transfer: (1) the transferee court must be one where the action "might have been brought," and (2) the convenience of the parties and witnesses and the interest of justice favors transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). The Court finds Defendants have satisfied both factors in support of transfer.

B. <u>Plaintiff Could Have Brought This Action In The Eastern District of Washington</u>

Defendants contend Plaintiff could have filed this case in either the Eastern or Western District of Washington, satisfying the first element of section 1404(a). (Dkt. No. 15 at 5 n.2.) The Court agrees.

Under Title VII, a plaintiff may bring his employment discrimination case in (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3).

Title VII permits Plaintiff to file in either the Eastern or Western District of Washington. Plaintiff could have brought his case in the Eastern District because the alleged unlawful employment practices occurred at an O'Reilly's store in Spokane and because Plaintiff's employment records are maintained and administered in Spokane. (Dkt. No. 1 at 5-9; Dkt. No. 15 at 5 n.2; Dkt. No. 16 at 2.) The Court finds that Defendants satisfied the first element of section 1404(a).

C. <u>Convenience and Fairness</u>

Under the second element of section 1404(a), the Court weighs the: (1) plaintiff's choice of forum, (2) parties' access to proof, (3) parties' contacts with this forum, (4) contacts relating to plaintiff's cause of action in the chosen forum, (5) differences in costs of litigation, (6) availability of compulsory process to compel attendance of unwilling non-party witnesses, and (7) state that is most familiar with the governing law. <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000). The defendants must make a strong showing of inconvenience to justify displacement of Plaintiff's choice of forum. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

After considering all of the above factors, the Court finds that this case should be transferred to the Eastern District of Washington.

1. Plaintiff's Choice of Forum

Defendants concede Plaintiff's choice of forum, in general, weighs in favor of litigation in this District. (Dkt. No. 15 at 6.)

Under Title VII, a district court should afford greater deference to a plaintiff's choice of forum prior to intrastate transfer. Ellis, 372 F. Supp. 2d at 538. This is particularly the case where a plaintiff chooses, out of fear of facing a hostile court or jury, to litigate in a different district than the one where he experienced the discrimination. See id. While Title VII broadens the range of appropriate venues available to a plaintiff, the statute does not prohibit transfers away from a plaintiff's chosen forum. Id. at 537.

Plaintiff's choice to litigate in this District weighs against transfer. The Court affords deference to Plaintiff's choice to litigate in this District because Plaintiff's case arises under Title VII, the locus of the discrimination occurred in the Eastern District of Washington, and Defendants seek an intrastate transfer. The Court notes, however, that Plaintiff has not suggested that he will face a hostile court or jury if forced to litigate in Spokane. The Court considers this in weighing the relevant factors.

2. Access to Evidence

Defendants contend that access to proof weighs in favor of transfer because the majority of relevant documentary and testamentary evidence is located in the Eastern District of Washington. (Dkt. No. 15 at 10.) The Court agrees.

Both Parties have greater access to documents and testimony in the Eastern District for three reasons. First, all parties reside in or near the Eastern District. (Dkt. No. 1 at 2-3.) Second, Plaintiff's employment file and other documentary evidence are located in the Eastern

District. (Dkt. No. 15 at 10.) Third, a majority of witnesses reside in or near the Eastern District. The Court finds this factor favors transfer.

3. <u>Contacts Relating to Plaintiff's Cause of Action in Chosen Forum</u>

Only Plaintiff and Defendant CSK Auto, Inc. have had contacts in this District relating to Plaintiff's causes of action, which weighs in favor of transfer.

Plaintiff has two main causes of action. The first relates to the harassment and discrimination Plaintiff endured while working at an O'Reilly's in Spokane. (Dkt. No. 1 at 13-18.) None of the parties have had contact with this forum regarding that claim. The second claim relates to Defendant CSK Auto, Inc.'s failure to hire Plaintiff at a Seattle O'Reilly's store after Plaintiff quit working in Spokane. (<u>Id.</u> at 18-21.) Plaintiff's contact with this forum in relation to that claim is limited to four or five phone calls Plaintiff made from Spokane, Washington, to O'Reilly's employees in Seattle, seeking employment in Seattle. (Dkt. No. 1 at 9-11; Dkt. No. 18 at 2-3.) In contrast, there is no evidence to suggest that the individual Defendants have had any contact with this District in relation to this claim. Defendant CSK Auto, Inc., however, owns at least one O'Reilly store in Seattle, and has continuous contacts with this forum in relation to Plaintiff's claims. (Dkt. No. 1 at 4.)

Only two parties have had contact with this forum in relation to Plaintiff's claims. On balance, the Court finds this factor favors transfer.

4. <u>Contacts with this Forum</u>

Only Plaintiff and Defendant CSK Auto, Inc. have had contacts in this District, while the majority of the parties have greater contacts with the Eastern District. This favors transfer.

Plaintiff's contact with this District is limited to his phone discussions with individuals in Seattle about his possible re-employment at a Seattle O'Reilly's store. (Dkt. No. 18 at 2-3; Dkt. No. 1 at 9-11.) Defendant CSK Auto, Inc. has contacts with this forum because it owns an

O'Reilly store in Seattle. (Dkt. No. 1 at 4.) Yet, there is no evidence to suggest that the individual Defendants have had any contact with this District. On balance, the Court finds this factor favors transfer.

5. <u>Ability to Compel Unwilling Witnesses</u>

The Court finds as neutral the question of witness availability.

The Court must quash or modify a subpoena that requires a non-party witness to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(3)(B)(iii); Fed. R. Civ. P. 45(c)(3)(A)(ii). The Court may, however, command a witness who resides more than 100 miles from the court to attend trial by traveling from any place within the state where the trial is held if the person will not incur substantial expense to travel more than 100 miles to attend trial. <u>Id.</u>

Defendants contend that the Court will be unable to compel attendance of half of the witnesses in this case. (Dkt. No. 15 at 9-10.) The same appears true if the case was tried in the Eastern District of Washington given the significant number of witnesses located more than 100 miles outside that District. The Court is not convinced by Defendants' argument. Moreover, Defendants have not provided any evidence to suggest that any of the witnesses will not attend trial in this District. The Court finds this factor neutral.

6. <u>Other Factors</u>

The remaining factors do not cut heavily in favor of either side. First, Defendants have not identified any evidence to suggest that litigation in the Eastern District of Washington would be less costly. Second, there is also nothing suggesting that either court is more or less familiar with the applicable federal and Washington State law.

7. Conclusion

Having considered all of the above factors, the Court finds this matter should be litigated in the Eastern District of Washington. See Jones, 211 F.3d at 498-99. The inconvenience and unfairness Defendants would incur by litigating in this District outweigh Plaintiff's decision to file suit in this District. This is particularly the case where there is no suggestion that Plaintiff will receive an unfair trial in the Eastern District of Washington. Defendants have made a strong showing that trial in this District would inconvenience not only the defense, but also a number of witnesses. Because all of the parties, evidence, and a majority of witnesses are located in the Eastern District it would be unfair to make the parties and witnesses litigate in this District.

**Conclusion**

The Court GRANTS Defendants' motion to transfer. The matter will be litigated in the Eastern District of Washington, whose ties to this action substantially outweigh Plaintiff's decision to file suit in this District. The Court therefore TRANSFERS this case to the United States District Court for the Eastern District of Washington.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of February, 2012.

Marsha J. Pechman
United States District Judge